UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MARY STERRETT,**

**Plaintiff,**

**v.** **Case No: 6:26-cv-141-DCI**

**MY FLIGHT, LLC, a Florida limited liability company, and PATRICK ABEL, an individual, jointly and severally,**

**Defendant.**

---

# ORDER

This is an FLSA case. *See generally* 29 U.S.C. §§ 201 to 209. In this action, Plaintiff bought an FLSA overtime unpaid wages claim, an FLSA retaliation claim, and a claim under the Florida Private Whistleblower Act. Doc. 1. The parties filed a "Joint Motion for Approval of FLSA Settlement and Dismissal with Prejudice," in which the parties request both approval of their FLSA settlement and dismissal of this case with prejudice. Doc. 20 (the Motion). The parties attach to the Motion a Settlement Agreement and General Release. Doc. 20-1 (the Agreement). The parties consented to the jurisdiction of the undersigned United States magistrate judge. Doc. 19. The presiding district judge approved that consent. Doc. 21.

Where the proposed settlement involves a compromise of Plaintiffs' claims, it is incumbent on the Court to review the reasonableness of the proposed settlement. *See Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). Even in cases in which the parties represent that there has been no compromise of the wage claim, courts must review the settlement to ensure that there are no terms in the agreement that constitute a compromise and, if there are,

whether the settlement of the FLSA wage claim is reasonable. In Plaintiff's answer to the Court's interrogatories, Plaintiff represented that her unpaid overtime wages totaled $203.74. Doc. 17. Plaintiff is receiving from Defendant $203.74 in unpaid overtime wages and an equal amount of liquidated damages. Docs. 20; 20-1. Thus, Plaintiff has not compromised the amount of her FLSA wage claim. But that does not end the Court's inquiry. Here, the Agreement contains certain terms that are disfavored in FLSA settlements and that may result in a compromise of an FLSA claim even if a Plaintiff is paid in full for their unpaid wages, including a confidentiality provision, a general release, and a non-disparagement clause. Some of these terms can be reconciled through separate consideration and the settlement of the non-wage claims. Indeed, the Court finds that the inclusion of the general release and the non-disparagement clause do not affect the reasonableness of the FLSA settlement due to the settlement of the non-wage claims and the provision of separate consideration. *See* Doc. 20-1.

But the confidentiality provision in the Agreement is both illusory and improper as a part of an FLSA settlement. "The district court should reject as unreasonable a compromise that contains a confidentiality provision, which is unenforceable and operates in contravention of the FLSA." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227 (M.D. Fla. 2010); *see, e.g.*, *Ramnaraine v. Super Transp. of Fla.*, *LLC*, 6:15-cv-710-Orl-22GJK, 2016 WL 1376358, at *3-4 (M.D. Fla. Mar. 18, 2016) (stating that confidentiality clauses contained in FLSA settlement agreements "thwart Congress's intent to ensure widespread compliance with the FLSA") (citations and internal quotations omitted), *report and recommendation adopted*, 2016 WL 1305353 (M.D. Fla. Apr. 4, 2016). In addition to the offensive nature of this type of provision, the parties filed the Agreement in the public record, as they must. Doc. 20-1. Accordingly, confidentiality is illusory. *See Phillips v. W.W. Contractors, Inc.*, 2015 WL 5897705, at *4 (M.D. Fla. Oct. 7, 2015) (finding that the

parties' settlement agreement was a matter of public record and so the confidentiality provision was null.). The provision is unenforceable because the Agreement has now been filed in the public domain. *Brown v. SeaDog Brewpub BV, LLC*, 2016 WL 773030, at *5 (M.D. Fla. Dec. 29, 2016), *report and recommendation adopted*, 2017 WL 119741 (M.D. Fla. Jan. 12, 2017) ("Additionally, such provisions have been rejected because they are inherently unenforceable due to the public filing of the settlement agreements containing the confidentiality clauses.") (citing *Housen v. Econosweep & Maintenance Services, Inc.*, 2013 WL 2455958, at *2 (M.D. Fla. Jun. 6, 2013)).

In addition, the Agreement includes a "amendment" provision that purports to allow the parties to modify the agreement in writing without Court approval. *See* Doc. 20-1 at 7. Given that this provision would permit the parties to modify n FLSA agreement post-approval and without Court approval, the Court finds that this provision is also due to be stricken.

The Court notes that the Agreement appears to contain a severability provision, though it is not titled as such. *See* Doc. 20-1 at 7, paragraph 11 (third full sentence). Pursuant to that provision, the Court finds that Paragraphs 6(a) and 6(b) and Paragraph 13 are illegal and unenforceable, and are hereby stricken from the Agreement, leaving the remainder of the Agreement in full force and effect.

The Court further finds that the agreed-upon fee and costs to be paid to Plaintiffs' counsel was determined independently, did not affect the payment to Plaintiffs, and otherwise appears to be reasonable. *See Bonetti v. Embarq Mgmt. Co.*, Case No. 06:07-CV-1335, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009).

Other than the stricken paragraphs, the Court finds that separate consideration supports the resolution of the alleged retaliation claim, the state law claim, and the Agreement's non-wage terms, and the Court finds that the remaining provisions of the Agreement do not affect the

reasonableness of the settlement of Plaintiff's FLSA wage claim. Thus, as requested, this action should be dismissed with prejudice, with each party to bear its own fees and costs except as provided in the Agreement.

It is, therefore, **ORDERED** that the Motion (Doc. 20) is **GRANTED in part** and **DENIED in part** such that:

1. Paragraphs 6(a) and 6(b) and Paragraph 13 are illegal and unenforceable and are hereby stricken from the Agreement, leaving the remainder of the Agreement in full force and effect;[1]
2. With those paragraphs stricken, the settlement of the FLSA wage claim is **APPROVED**;
3. this case is **DISMISSED** with prejudice; and
4. the Clerk is directed to close the case.

**ORDERED** in Orlando, Florida on September 28, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that the parties could have executed two settlement agreements, so long as both were disclosed to the Court. One agreement could have resolved the FLSA wage claim—that agreement could not be confidential and could not be modified without court approval. The resolution of the other claims could have been resolved in a confidential agreement that the parties could have modified. What the parties cannot do is resolve an FLSA wage claim in a publicly filed document, purport to have that publicly filed document be confidential, and retain the ability to modify that agreement post-approval.